48 F.3d 1237
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Diana J. HOLZMAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3376.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1995.
 
 62 M.S.P.R. 254.
 AFFIRMED.
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Diana J. Holzman seeks review of the April 28, 1994, decision of the Merit Systems Protection Board, No. SL0831930275-I-1, which sustained the decision by the Office of Personnel Management (OPM) that she was not entitled to a survivor annuity. We affirm.
 
 
 2
 We must affirm the decision of the board unless we conclude that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We must also consider that Holzman had the burden of proving to the board her entitlement to the retirement benefits in question. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986). Here, she challenges the board's interpretation of the civil service retirement statutes, and its application of those statutes to the facts of her case.
 
 
 3
 Holzman and her husband divorced in 1988. The divorce decree gave her "[o]ne-half of Husband's pension benefits, pursuant to Qualified Domestic Relations Order under such plans as of the date benefits are to be paid the Civil Service employees as civil benefits for the U.S. Department of the Army." After Holzman's ex-husband died in Federal service on November 21, 1991, she applied for a survivor annuity. OPM denied her request because the divorce decree did not expressly provide for receipt of a survivor annuity. The question is whether provision for a portion of pension benefits is sufficient to create an entitlement to a survivor annuity.
 
 
 4
 By statute,
 
 
 5
 [a] former spouse of a deceased employee, Member, annuitant, or former Member is entitled to a survivor annuity under this subsection, if and to the extent expressly provided for in an election under section 8339(j)(3) of this title, or in the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree.
 
 
 6
 5 U.S.C. Sec. 8341(h)(1) (1988). OPM's regulations for administering the retirement statutes provide:
 
 
 7
 A former spouse is entitled to a portion of an employee's retirement benefits only to the extent that the division of retirement benefits is expressly provided for by the court order. The court order must divide employee retirement benefits, award a payment from employee retirement benefits, or award a former spouse annuity.
 
 
 8
 5 C.F.R. Sec. 838.1004(a) (1994). Holzman suggests that this provision recognizes that a survivor annuity is just another form of retirement benefit; she points to OPM's interpretation guidelines, which state: "[o]rders that are unclear about whether they are dividing an annuity or a refund of contributions will be interpreted as dividing an annuity," and "[o]rders using 'annuities,' 'pensions,' 'retirement benefits,' or similar terms will be interpreted as dividing an annuity and whatever other employee benefits become payable, such as refunds." Guidelines for Interpreting State Court Orders Dividing Civil Service Retirement Benefits, 5 C.F.R. Pt. 838, Subpt. J, App. A, IV(A)-(B). Accordingly, Holzman maintains that these rules establish her entitlement to a former spouse annuity.
 
 
 9
 But OPM has expressly provided that " '[e]mployee retirement benefits' means employees' and Members' annuities and refunds of retirement contributions but does not include survivor annuities." 5 C.F.R. Sec. 831.1003 (1994). Section 838.1004 of 5 C.F.R. establishes a different treatment for survivor annuities: "For purposes of awarding a former spouse annuity, the court must either state the former spouse's entitlement to a survivor annuity or direct the employee, Member or retiree to provide a former spouse annuity." 5 C.F.R. Sec. 831.1004(b)(2). The interpretation guidelines confirm this separate treatment: Appendix B to Part 838, Subpart J, provides distinct "Guidelines for Interpreting State Court Orders Awarding Survivor Annuity Benefits to Former Spouses." 5 C.F.R. Pt. 838, Subpt. J, App. B. Those rules show that, subject to a few limited exceptions not relevant here, former spouses will receive survivor annuities only when the state court order contains specific language "such as 'survivor annuity,' death benefits,' 'former spouse annuity under 5 U.S.C. 8341(h)(1),' etc." Id. III(B)(1). Holzman's decree contains no such language; OPM's decision to deny a survivor annuity complies with its regulations.
 
 
 10
 Holzman suggests that OPM's regulations are inconsistent with the remedial nature of the Spouse Equity Act, which first provided for survivor annuity coverage for former spouses. But that act explicitly limits entitlement to such annuities "to the extent expressly provided for ... in the terms of any decree of divorce." 5 U.S.C. Sec. 8341(h)(1). Holzman has not given us any reason to believe that OPM's interpretation of "expressly provided for" is inconsistent with Congress's intent.
 
 
 11
 The board rejected Holzman's challenge, concluding that "provision for the receipt of a portion of the retirement benefits does not expressly provide for the receipt of a survivor annuity." We agree with its interpretation of the statutes, regulations, and the Holzman divorce decree, and conclude that its decision complied fully with the law.